

## NUMBER 13-16-00391-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JORGE ANTONIO MARSHALL,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

### On appeal from the 264th District Court
### of Bell County, Texas.

## ORDER OF ABATEMENT

### Before Justices Garza, Perkes, and Longoria
### Order Per Curiam

Appellant Jorge Antonio Marshall, proceeding pro se, filed a notice of appeal with

this Court from his conviction in trial court cause number 66630 in the 264th District Court

of Bell County, Texas.[1]  The trial court's certification of the defendant's right to appeal

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through 2015 R.S.); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On September 22, 2016, we ordered appellant's counsel, Michael James Magana, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. No response to this Court's order has been received. Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in this matter, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

2

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of November, 2016.